IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY )<br>COMMISSION,                                           )<br>                                                                ) <br>                   Plaintiff,                         ) <br>     v.                                                       ) <br>                                                                ) <br>CERIDIAN CORPORATION,                  ) <br>                                                                ) <br>                   Defendant.                      ) <br>_____ ) | Civil Action No. 07-04086 DSD/JJG<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE** |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE

**I.      Introduction**

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., in which the Equal Employment Opportunity Commission alleged that Ceridian Corporation subjected Dr. James Shelton, Ph.D., to different terms and conditions of employment, and terminated him in retaliation for complaining about discrimination because of his race, black.  The Complaint was filed September 26, 2007.  Defendant served its Answer December 17, 2007.  On March 28, 2008, the Court held a pretrial scheduling conference and ordered the parties to complete discovery by December 31, 2008.

In accordance with the Court's Order, the parties engaged in discovery during the next several months.   Based on information obtained through discovery, the Commission has concluded that this case should not proceed to trial because the Commission, in the current judgment of its attorneys, has an insufficient prospect of sustaining its burden of proof as set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) and *Texas*

1

*Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981).  For this reason, the Commission, in the exercise of its prosecutorial discretion, has filed Plaintiff's Motion for Voluntary Dismissal of Action, requesting the Court pursuant to Fed. R. Civ. P. 41(a)(2) to enter an order dismissing this action with prejudice and directing that each party shall bear its own costs and attorney fees.

**II.     Argument**

Fed. R. Civ. P. 41(a)(2) provides:

> By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Pursuant to this rule, the Commission seeks an order of dismissal <u>with</u> prejudice, and a direction that each party shall bear its own costs and fees.  Based on its present assessment of the case, the Commission has moved the Court to dismiss this action.

The rule provides that the Court can grant the Commission's motion "upon such terms and conditions as the court deems proper."  This provision is meant to protect defendants from prejudice.  When a case is dismissed without prejudice, the defendant may be subject to re-filing of the suit.  Hence the terms and conditions allowed for by the rule may include costs and attorney fees in appropriate cases.  *See, e.g., Stevedoring Services of America v. Armilla Int'l B. V.*, 889 F.2d 919 (9th Cir. 1989).

Attorney fees may only be awarded against the Commission in a Title VII case, however, if the Court finds that the "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S.

412, 422 (1978).  In the present case, the Commission has promptly sought to dismiss the case now that discovery has revealed that, in the judgment of counsel for the Commission, it should not proceed to trial.  Although Defendant has filed a Motion for Summary Judgment, it did so a mere five days after the close of discovery, on January 5, 2009.  Moreover, Defendant failed to provide highly relevant information during the Commission's administrative investigation, and belatedly throughout the discovery period.   Specifically, the Commission's investigation focused on Defendant's placement of Dr. Shelton on a performance improvement plan in 2004.  The evidence was probative because the Commission believed the performance issues in question were raised only by three white supervisors.  In fact, Dr. Shelton had also been placed on a performance improvement plan in 2001 for similar issues.  The supervisors who placed Dr. Shelton on the performance improvement plan were also black.  Information about the 2001 performance improvement plan, however, was not produced at all during the investigation.  It was only after the Commission brought suit and began discovery that Defendant provided this information.  Additionally, Defendant waited until December 15, 2008 to provide information regarding performance reviews and supervision of two black employees by a white supervisor, Heidi Stensby, that recommended Dr. Shelton's placement on on a performance improvement plan.  This was ten days after the deposition of Ms. Stensby.  Based on the Defendant's record of tardy disclosure of highly relevant information both prior to and during the prosecution of this case, and without any indication that its pursuit of this case was frivolous, the Commission does not believe Defendant can make the showing required for an award of attorney fees under *Christiansburg*.

      Fed. R. Civ. P. 41(a)(2) authorizes the Court to dismiss this action upon such terms and

conditions as the court deems proper.  The Commission contends that based on its investigation, there were reasonable grounds to bring this suit.  After conducting discovery and the again considering the available evidence, however, the Commission has promptly moved to dismiss the action now that it appears that further litigation is not fully warranted.  This conclusion was reached in no small part to the fact that the Defendant produced highly relevant additional information during discovery that had not been revealed during the Agency's investigation of Dr. Shelton's charge of discrimination.  Under these circumstances, the Court should grant the Commission's motion to dismiss with prejudice and direct the parties each to bear their own costs and attorney fees.

                                      Respectfully submitted,

Dated:  January 29, 2009               /s  Nicholas J. Pladson
                                          Nicholas J. Pladson (#388148)
                                          Trial Attorney
                                          U.S. Equal Employment Opportunity Commission
                                          Suite 720
                                          330 Second Avenue S
                                          Minneapolis, MN 55401
                                          612.335.4047
                                          612.335.4044 (fax)